IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DARNELL WILLIAMS, DN-8745,      )
     Petitioner,                  )
                                 )
          v.                   )  2:10-cv-1502
                                 )
BRIAN H. THOMPSON et al.,       )
     Respondents.               )


Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition for a writ of habeas corpus submitted by Darnell Williams be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.


II. Report:

Darnell Williams, an inmate at the State Correctional Institution at Mercer, has presented a petition for a writ of habeas corpus. In his petition Williams seeks to challenge his seven to twenty year sentence imposed following his conviction for robbery in the Court of Common Pleas of Allegheny County, Pennsylvania at No. CC 6623 of 1997. This sentence was imposed on March 25, 1998. However, this is not the first time the petitioner has submitted a federal challenge to that conviction. In Civil Action 2:04-cv-367 filed in this Court relief was denied on June 14, 2005 on the grounds that those issues which had not been exhausted were procedurally defaulted, and those issue where the state court remedies had been exhausted were meritless.[1] No appeal was pursued. Williams now returns to this court again seeking to challenge that conviction and the state courts' denial of his recent attempts to challenge the conviction and sentence.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims

_____

[1] See: 2:04-cv-367 Docket entries Nos. 19 and 21.

1

presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Darnell Williams for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Any party desiring to file objections to this report and recommendation must do so within fourteen days of this date. Failure to do so will be construed as a waiver of the right to file objections.

Respectfully submitted,
Robert C. Mitchell,

Dated: November 15, 2010